# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:122-CR-000080-001 |
| | : | |
| v | : | |
| | : | (Hon. Judge Jennifer Wilson) |
| | : | |
| GAGE WAGNER | : | |
| DEFENDANT | : | |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S POSITION REGARDING SENTENCING

COMES NOW, the Defendant herein, Gage Wagner, through undersigned counsel, and pursuant to Fed. R. Crim. P. 32(i)(3) and 18 U.S.C. §3553(a), to provide Probation and the Court with relevant information to consider in determining a sentence that is no greater than necessary to achieve the goals of sentencing under §3553(a)(2) in response to the final PSR. In support, the Defendant states as follows:

1. As an initial matter, the Defendant submits that he plead guilty to the instant offense and stands before this Court accepting his punishment. In making these objections the Defendant in no way minimizes his conduct, as he recognizes his crime is serious and require punishment from this

Court.

2. At the outset, undersigned counsel raises an objection to the PSR not previously raised in the PSR objections pertaining to Defendant's prior criminal history calculation. It is also noted the probation office stated in paragraph 23 that the Defendant either waived or was represented by counsel for all listed offenses.

    a. In Paragraph 35, the probation office assigned one (1) point for an offense under 18 Pa. C.S.A. §2109 §§A1, Harassment- Subject Other to Physical Contact. The grading of that offense is a summary offense. The offense occurred in 2021.

    b. As This Honorable Court is aware, defendants in Pennsylvania are not entitled to counsel for summary offenses, unless incarceration is ordered, and the defendant then is entitled to court appointed counsel in a summary appeal. See generally, *Scott v. Illinois*, 440 U.S. 367 (1979).

    c. In the present case the Defendant did not receive a sentence of incarceration and he was unemployed from 2020-2022 (PSR 15). The Defendant's financial history clearly indicates he was indigent and thus unlikely to be able to afford an attorney. Moreover, a defendant cannot waive that which he does not possess, in this case the right to counsel.

Accordingly, it cannot be stated he waived counsel or was represented.

3. In addition, USSG §4A1.2 (c) discusses included and excluded offenses and it is respectfully submitted that the offense at issue is clearly analogous to the listed excluded offenses.  It is certainly not similar to the offense *sub judice*.  Therefore the Defendant respectfully submits his prior record score is 12, placing him in offense category V, not VI.

4.  The Defendant maintains his objections to the application of both §2G2.1(b)(2)(A) and §4B1.5(b) as procedurally unreasonable for the reasons stated in his PSR objections and incorporated herein[1]. While the eleventh circuit in *United States v. Babcock*, 924 F.3d 1180 (11 Cir. 2019)

---

[1] As you are aware the concept of double counting is discussed in note 3 of USSG §4B1.5(b) and references a case from the Third Circuit, *United States v. Seibert*, 971 F.3d 396 (3d Cir. 2020), which discusses the concept of double counting when applying the adjustments in USSG §2G2.2(b)(5) and USSG §4B1.5(b). In Seibert, the Court held that applying both of the aforementioned adjustments was appropriate because, in part, the Guidelines expressly contemplate their simultaneous application and because §2G2.2(b)(5) is an offense specific enhancement and also found that the two (2) enhancements were aimed at separate conduct.

    The same cannot be said of the enhancements at play with Mr. Gage. There is no specific language in the comments §2G2.1(b)(2)(A) expressly authorizing the simultaneous application of §2G2.1(b)(2)(A) and §4B1.5(b). Similarly, one cannot argue that the conduct underlying the two enhancements is aimed at different conduct- they both involve the same sexual activities of Mr. Gage with the minor. And it is hard to argue that §2G2.1(b)(2)(A) is an offense specific enhancement when the offense in question is the production of child pornography, not the underlying sexual act. One can create child pornography by a lewd and lascivious pose, sexual acts are not a prerequisite. Thus, *Seibert* cannot cited to support the imposition of both enhancements and they should not apply here simultaneously.

held such application is permissible, that holding is not binding on this Court.

**Defendant Background**

5. The Defendant was born in Lewistown, Pennsylvania, on April 29, 1992. (PSR 13).  He obtained his GED in July 2011.  (PSR 15). Defendant's background is rife with abuse and mental health disorders. He was exposed to drug use by his parents and his father was frequently incarcerated.  (PSR 13).  He was also sexually abused at 3-4 years of age, but there is no record of him receiving any treatment.  (PSR 13).

6.  He first began experiencing mental health issues at 17 and attempted suicide for the first time at age 24 and then next at age 27.  (PSR 14).  He has undergone multiple periods of hospitalizations at Geisinger Lewistown Hospital in 2015 and 2018 and once at Brookline.  (PSR 14).

7.  He was also treated at Enlighten Psychiatric Services, Lewistown, in 2018 for therapy and medication management where he was diagnosed with bipolar disorder with psychotic feature, marijuana and alcohol abuse (including Benzodiazepine and stimulant abuse) and experienced depression, anxiety and mood swings.

**Traditional §3553 factors**

8. Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a) and the "factors" to be considered in fulfilling that mandate. The overriding mandate of §3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. *United States v. Yeaman*, 248 F.3d 223 (3d Cir. 2001).

9. The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." The parsimony provision is not just another "factor" to be considered along with the others set forth in Section 3553(a). Instead, it sets an independent limit on the sentence a court may impose. See *United States v. Flores*, 454 F.3d 149 (3d Cir. 2006). Since §3553(a) requires a sentence to be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within Guideline range. *Id.*

10. In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several

factors listed in Section 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Istrefi*, 280 Fed. Appx. 217(3d Cir. May 23, 2008). While district courts must in all cases "consider" the Guideline range, *United States v. Booker*, 543 U.S. 220, 245-46 (2005), the Guidelines do not subordinate the other factors in §3553(a). Rather, it is the parsimony provision that serves as "the guidepost for sentencing decisions post-Booker." *United States v. Ferguson*, 456 F.3d 660, 667 (6th Cir. 2006).

11. Sentencing courts have a duty to consider many factors that the Guidelines specifically exclude from consideration – even factors prohibited by the formerly mandatory Guidelines – in determining the type of sentence that satisfies the sentencing mandate of §3553(a). See, *United States v. Ausburn*, 502 F.3d 313 (3d Cir. 2007) (declining to address whether

sentences within the Guidelines range were per se reasonable, holding that as long as the sentence complied with 18 U.S.C. §3553(a), the sentence was reasonable).

12.  The sentencing judge, after considering §3553(a) and §3661 factors (including the Guidelines), has full discretion to sentence anywhere within the statutory range.  If the *Booker* Court thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so. *Booker*, 125 S. Ct. at 791 (Scalia, J., dissenting). Likewise, if the remedial majority thought the Guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the Guideline range relative to the other factors would violate the Sixth Amendment.

13.  A sentence may be unreasonable if it is the product of a procedure that does not follow *Booker's* requirements, regardless of the actual sentence. After a district court has accurately calculated the Guideline range, it may impose a more severe or more lenient sentence as long as the final sentence is reasonable.  *Ausburn*, *supra*; *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

14. The focus on those factors of which This Honorable Court is undoubtedly aware is to highlight the ridiculous suggestion of the offense calculation: The defense respectfully submits that a sentence of 360 months is tantamount to a life sentence, is completely unwarranted and in fact abhorrent to the ends of justice and his involvement in the underlying offenses.

15. The Defendant has suffered a horrific upbringing and significant mental issues. Casey suffers from HIV and has Kaposi Sarcoma that is currently in remission. As further indicated in the PSR, Casey was suffering from a whole host of medical conditions at the time of his arrest. In addition, he had suffered from mental health disorders from the age of 14. It is also significant that in his retail theft offense his co-defendant was his mother implicating his lack of guidance as a youth. See USSG 5H1.12.

16. Additional mitigating factors that this Court should take into consideration under §3553(a) include: (1) the Defendant's remorse; (2) the Defendant's difficult childhood as evidence in his PSR; (3) the Defendant's lack of formal education; (4) the Defendant's significant medical and mental health issues culminating in a diagnosis of bipolar disorder; (5) the Defendant's significant drug addiction to multiple drugs; (6) the failure of

the Guidelines to support a viable sentence.

17. Even when the Guidelines were binding on sentencing courts, several circuits held that Section 5H1.3 allows for a downward departure "in cases of extreme childhood abuse." *United States v. Pullen*, 89 F.3d 368, 372 (7th Cir. 1996); *United States v. Rivera*, 192 F.3d 81, 84 (2nd Cir. 1999); *United States v. Roe*, 976 F.2d 1216, 1218 (9th Cir. 1992); *United States v. Clark*, 8 F.3d 839, 845-46 (D.C. Cir. 1993); *United States v. Vela*, 927 F.2d 197, 199 (5th Cir.), *cert. denied*, 502 U.S. 875, 116 L. Ed. 2d 172, 112 S. Ct. 214 (1991); *United States v. Deigert*, 916 F.2d 916, 919 (4th Cir. 1990)). Being physically and emotionally abused represents just such a circumstance as envisioned under 5H1.3.17.

18. A significant variance in cases such as this are not unwarranted in this district. In 2017, Judge Mannion in *United States v. Kreiser*, 3:17-CR-251 gave a 90 month downward variance from the advisory sentencing range of 136 months. (Doc. 36). Kreiser had a similarly difficult upbringing, mental health issues and addiction as the basis for the variance.

19. In keeping with the sentencing mandate under 18 U.S.C. §3553(a), which requires this Court to impose a sentence that is "sufficient, but not greater than necessary to achieve the goals of sentencing."

20. A sentence anywhere near the guideline range of 360 months will be a defacto life sentence for the Defendant. While the Defendant does have an extensive criminal history, it is worth highlighting that many of the offenses are substance abuse offenses or related to substance abuse. His more serious offenses undoubtedly stem from his bipolar diagnosis and indeed one offense occurred when he was seeking to commit suicide.

21. Finally, while the Government is not moving for a departure under USSG §5K.1, the Defendant did meet with law enforcement.

22. The Defendant respectfully submits that, in light of the decisions issued in cases such as *United States v. Booker*, 125 S.Ct. 738 (2005) and *Kimbrough v. United States*, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007), this Court is free to issue a sentence in compliance with 18 U.S.C. §3553 that is fair, based upon the specific facts of this case. Under these circumstances, a lesser sentence in the range of offense level 32 Criminal History category V is sufficient to satisfy the goals of retribution, deterrence, incapacitation, and rehabilitation.

WHEREFORE, in light of the foregoing, the Defendant respectfully requests that this Honorable Court take into consideration the above prior to imposing the sentence on the Defendant.

Respectfully Submitted,

 s/ Jonathan W. Crisp
Jonathan W. Crisp, Esq.
Attorney for the Defendant
4031 North Front Street
Harrisburg, PA 17110
(717) 412-4676 (voice)
(717) 412-4679 (facsimile)
Jcrisp@crisplegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Memorandum of Law in Support of the Defendant's Position Regarding Sentencing, with the United States District Court for the Middle District of Pennsylvania by using the CM/ECF system. I certify that the following attorney for the opposing party, the United States, is registered an ECF Filer and will be served by the CM/ECF system: Office of the Assistant United States Attorney, Scott Ford.

                              Jonathan W. Crisp, Esq.
                              Attorney for the Defendant